**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Louise Woods,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Internal Revenue Service,<br><br>　　　　　Defendant. | No. CV-26-00280-TUC-RM<br><br>**ORDER** |

Plaintiff Lisa Louise Woods initiated this action on June 1, 2026, by filing a pro se Complaint (Doc. 1), and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). For the following reasons, the Court will grant Plaintiff's Application for Leave to proceed in Forma Pauperis and will dismiss her Complaint with leave to amend.

## I.    Application for Leave to Proceed in Forma Pauperis

The Court may authorize the commencement and prosecution of any action without prepayment of fees if a litigant submits an affidavit showing that he or she is unable to pay the fees. 28 U.S.C. § 1915(a)(1). Plaintiff's Application indicates that her monthly expenses nearly equal her monthly income, she has no savings, and she has not assets other than her vehicle. (Doc. 2.) The Court finds that Plaintiff has adequately demonstrated she is unable to pay the filing fees for this action. Accordingly, the Court will grant Plaintiff's Application for Leave to Proceed in Forma Pauperis.

## II.    Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in

forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2). Section 1915(e) "applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is]… a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotations omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a complaint could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

### III.    Plaintiff's Complaint

Plaintiff alleges in her Complaint that Defendant Internal Revenue Service ("IRS") has failed to issue tax refunds to her since 2019, in an amount totaling $21,000. (Doc. 1 at 4.)[1]  Plaintiff alleges that each year since 2019, she filed taxes with her current and correct address, and that each year the IRS owed but failed to return roughly $3,500 in overpaid taxes. (*Id.*)  Plaintiff alleges the IRS has violated her constitutional rights (*id.* at 3), but she does not allege any specific cause of action.

### IV.    Discussion

"[T]he United States may not be sued without its consent," and the existence of such "consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The terms of the United States' consent to be sued, when granted, circumscribe the court's jurisdiction." *Danoff v. United States*, 324 F.Supp.2d 1086, 1091 (9th Cir. 2004).[2]

District courts have jurisdiction over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]" 28 U.S.C. § 1346(a)(1). However, the district court may exercise jurisdiction only if the taxpayer follows the conditions set forth in 26 U.S.C. § 7422(a), which require a taxpayer to duly file a claim for refund of federal taxes with the IRS prior to filing suit. *Danoff*, 324 F.Supp.2d at 1092; *see also United States v. Clintwood Elkhorn*

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

[2] To the extent Plaintiff is attempting to assert a cause of action for a violation of her constitutional rights under 42 U.S.C. § 1983, she fails to state a claim on which relief can be granted, because Congress did not intend "to subject federal agencies to § 1983" liability. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("a federal agency is not a 'person'" subject to liability under § 1983); *see also Gibson v. United States*, 781 F.2d 1334, 1338, 1343 (9th Cir. 1986) (actionable conduct under § 1983 must be under color of state law).

*Mining Co.*, 553 U.S. 1, 4 (2008).  A refund claim must be filed with the IRS within three years of the date the return was filed or two years after the payment of the tax, whichever period expires last.  26 U.S.C. § 6511(a); *Omohundro v. United States*, 300 F.3d 1065, 1067 (9th Cir. 2002).  If a refund claim is not filed within the time limits of § 6511(a), "a suit for refund may not be maintained in any court." *Clintwood Elkhorn Mining Co.*, 553 U.S. at 5 (internal alteration omitted); *see also Omohundro*, 300 F.3d at 1066 ("failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit").  Furthermore, no suit under § 7422(a) may be initiated sooner than six months from the date of filing the administrative claim, unless the IRS renders a decision on the claim within that time, nor—with limited exceptions—may any suit be filed after the expiration of two years from the date of mailing to the taxpayer of "a notice of the disallowance of the part of the claim to which the suit" relates.  26 U.S.C. § 6532(a)(1).  Equitable principles, including the doctrine of equitable estoppel, cannot toll the statute of limitations in tax refund suits.  *Danoff*, 324 F.Supp.2d at 1099.

Here, Plaintiff does not plead any specific facts relating to the tax filings and refunds at issue, nor does she plead facts demonstrating that she timely filed administrative claims with the IRS and timely filed this lawsuit after filing the administrative claims. Plaintiff's Complaint consists of mere conclusory statements and does not comply with Rule 8's requirement of providing a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court will accordingly dismiss Plaintiff's Complaint with leave to amend.

## V.    Leave to Amend

Plaintiff may file an amended complaint within thirty days. An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original Complaint and voluntarily dismissed or

dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacet v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint seeking to recover tax refunds, she must name the United States as the defendant and she must allege specific facts relating to the tax filings and returns at issue, as well as facts showing that she timely filed administrative claims with the IRS seeking her tax refunds and that it has been at least six months since the filing of the administrative claims or, if she has received a decision on her claims, that it has not been more than two years since the disallowance of said claims.

## VI.   Warnings

If Plaintiff's address changes, she must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in the dismissal of this action.

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed in Forma Pauperis (Doc. 2) is **granted**. Plaintiff is granted leave to proceed in this action without pre-paying the filing fees.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Case 4:26-cv-00280-RM   Document 5   Filed 06/11/26   Page 6 of 6

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice and with leave to amend** to cure the jurisdictional deficiencies identified in this order. Plaintiff may file an amended complaint correcting the deficiencies addressed herein within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court is directed to dismiss this action without prejudice and without further notice to Plaintiff.

Dated this 11th day of June, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

- 6 -