**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Lisa Louise Woods, | No. CV-26-00280-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States Treasury, | |
| Defendant. | |

Plaintiff Lisa Louise Woods initiated this action on June 1, 2026, by filing a pro se Complaint (Doc. 1), and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). On June 11, 2026, the Court issued an Order granting leave to proceed in forma pauperis and dismissing the Complaint without prejudice, giving Plaintiff 30 days to file an amended complaint. (Doc. 5.) On July 2, 2026, Plaintiff filed a First Amended Complaint ("FAC") (Doc. 6), and a Motion for Issuance of Subpoena (Doc. 7).

For the following reasons, the Court will dismiss the FAC (Doc. 6) with leave to amend and will deny the Motion for Issuance of Subpoena (Doc. 7).

## I.      Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those

filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (emphasis omitted). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotations omitted). Nevertheless, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a complaint could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

## II.    Plaintiff's First Amended Complaint

Plaintiff's FAC brings claims against Defendant, the United States Treasury, for failure to issue tax refunds since 2019, totaling $13,759.58. (Doc. 6 at 4.)[1] Plaintiff alleges she "filed through the IRS Taxpayer Assistance in 2022," and that the Taxpayer Assistance found that she was owed $6,970.58 in 2019, $1,608.00 in 2020, $1.734.00 in 2021,

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

$1,747.00 in 2023, and $1,700.00 in 2024, but that she has not received a tax refund since 2019.[2] (*Id.*)

### III.    Discussion

As the Court explained in its original Screening Order dated June 11, 2026 (Doc. 5), "the United States may not be sued without its consent," and the existence of such "consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The terms of the United States' consent to be sued, when granted, circumscribe the court's jurisdiction." *Danoff v. United States*, 324 F. Supp. 2d 1086, 1091 (C.D. Cal. 2004), *aff'd*, 135 Fed. App'x. 950 (9th Cir. 2005).

District courts have jurisdiction over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or … any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]" 28 U.S.C. § 1346(a)(1). However, the district court may only exercise jurisdiction if the taxpayer complies with 26 U.S.C. § 7422(a) by first filing an administrative claim with the Internal Revenue Service ("IRS"). *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).

Specifically, § 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the [IRS.]

An administrative claim for a tax refund must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). "A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an

---

[2] Plaintiff claims to have filed in 2022 but does not state in the FAC the amount allegedly owed to her in that year.

action for a refund or credit." *Omohundro v. United States*, 300 F.3d 1065, 1067 (9th Cir. 2002). Furthermore, no § 7422(a) suit may be initiated sooner than six months from the date of filing the administrative claim, unless the IRS renders a decision on the claim within that time, nor—with limited exceptions—may any suit be filed more than two years after the IRS mails to the taxpayer "a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a).

When screening Plaintiff's original Complaint, the Court noted that Plaintiff had failed to plead any specific facts relating to the tax filings and refunds at issue and had failed to plead facts demonstrating that she timely filed administrative claims with the IRS and timely filed this lawsuit after filing the administrative claims. (Doc. 5 at 4.) Plaintiff has attempted to address the first defect but not the second. The FAC alleges additional facts concerning the specific refunds allegedly owed each year from 2019 to 2024 (with the exception of 2022). However, the FAC still fails to plead facts demonstrating that Plaintiff timely filed administrative claims with the IRS and timely filed this suit after the filing of such administrative claims. Because the FAC does not contain allegations showing that Plaintiff has established the jurisdictional requirements to file a tax refund suit, the Court will dismiss the FAC with leave to amend.

## IV.    Leave to Amend

Plaintiff may file a second amended complaint within thirty days. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or FAC by reference.

A second amended complaint supersedes the FAC. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the FAC as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the FAC and voluntarily dismissed or dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**If Plaintiff files a second amended complaint seeking to recover tax refunds, she must name the United States as the defendant, and she must allege specific facts relating to the tax filings and returns at issue, including facts showing that she timely filed administrative claims with the IRS seeking her tax refunds and that she timely filed this lawsuit after filing the administrative claims**. **<u>If Plaintiff fails to timely file a second amended complaint that cures the defects discussed herein, the Court will dismiss this action</u>**.

### V.   Motion for Issuance of Subpoena

Plaintiff has filed a Motion for Issuance of Subpoena and a proposed subpoena that appears to request records from a taxpayer assistance center. (Doc. 7.) "A party may not seek discovery from any source" before the parties have conferred on a proposed discovery plan. Fed. R. Civ. P. 26(d)(1); *see also* Fed. R. Civ. P. 26(f). Here, the parties have not conferred on a proposed discovery plan, and discovery has not yet commenced.[3] Accordingly, the Court will deny Plaintiff's Motion as premature, without prejudice to re-filing after the commencement of discovery.

### VI.   Warnings

If Plaintiff's address changes, she must file and serve a notice of a change of address in accordance with Rule 83(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in the dismissal of this action.

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 6) is **dismissed without prejudice and with leave to amend** to cure the jurisdictional deficiencies

---

[3] Furthermore, Plaintiff's Motion does not establish good cause to permit expedited discovery prior to a Rule 26(f) conference. *See Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011).

identified in this order. Plaintiff may file a second amended complaint correcting these deficiencies within **thirty (30) days** of the date this Order is filed. If Plaintiff fails to file a second amended complaint within thirty days, the Clerk of Court is directed to dismiss this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Subpoena (Doc. 7) is **denied without prejudice**.

Dated this 29th day of July, 2026.

_____
Honorable Rosemary Márquez
United States District Judge